UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Bailey and Marlon E. Carter,  Civil No. 20-1238 (DWF/TNL)

Plaintiffs,

v.   ORDER ADOPTING REPORT
AND RECOMMENDATION

First Transit Inc., Tim Ogren, First Group
America Inc., First Student Inc., Don
Johnson, Troy Gustafson, Metropolitan
Council, Teamsters Local 120,

Defendants.

This matter is before the Court upon *pro se* Plaintiffs Jeffery Bailey and Marlon E. Carter's ("Plaintiffs") objections (Doc. No. 69 ("Pl. Obj.")) to Magistrate Judge Tony N. Leung's July 30, 2021 Report and Recommendation (Doc. No. 68 ("Report and Recommendation") insofar as it recommends that Defendants Teamsters Local 120 ("Local 120") & Troy Gustafson's ("Gustafson") Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No.15) be granted, Defendants First Transit, Inc. ("First Transit"), First Group America Inc. ("First Group"), First Student Inc. ("First Student"), the Metropolitan Council ("Met Council"), Don Johnson ("Johnson"), and Tim Ogren's ("Ogren") Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. 26 ("FT Motion")) be granted in part and denied in part, and Plaintiffs' self-styled motions to deny the motions to dismiss (Doc. Nos. 33, 38) be denied as moot.[1] Defendants First

---

[1] The Magistrate Judge granted the FT Motion insofar as he recommended that all but one of Plaintiffs' claims be dismissed with prejudice. (Report and Recommendation

Transit, First Group, First Student, the Met Council, Johnson, and Ogren responded to Plaintiffs' objections. (Doc. No. 70 ("Def. Resp.").)

The Court has conducted a *de novo* review of the record, including a review of the parties' arguments and submissions, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiffs' objections.

In the Report and Recommendation, the Magistrate Judge addressed Plaintiffs' claims pursuant to: (1) the National Transit Systems Security Act of 2007 ("NTSSA"); (2) Title VI of the Civil Rights Act of 1964 ("Title VI"); (3) Minn. Stat. § 181.74; (4) the Federal False Claims Act; (5) 42 U.S.C. § 1981 ("Section 1981"); (6) the Minnesota Whistleblower Act; and (7) Minn. Stat § 268.095.[2]

With respect to Plaintiffs' NTSSA claim, the Magistrate Judge recommended dismissing it with prejudice against Defendants Local 120, Gustafson, the Met Council,

---

at 28-29.) Specifically, the Magistrate Judge recommended that only Plaintiffs' claim pursuant to the National Transit Systems Security Act of 2007 against Defendant First Transit proceed. (*Id.*)

[2] The Magistrate Judge properly observed that this "is not Plaintiffs' first attempt at seeking relief for their alleged grievances." (Report and Recommendation at 2.) Plaintiffs previously filed a similar lawsuit against some of the Defendants. *See Bailey v. Metro Council*, Civ. No. 19-1024, 2020 WL 3633132 (D. Minn. Feb. 19, 2020) [hereinafter *Bailey I*], *report and recommendation adopted*, 2020 WL 1934428 (D. Minn. Apr. 22, 2020). Plaintiffs also previously filed a grievance through their union and various charges with the Equal Employment Opportunity Commission, and Occupational Safety and Health Administration." (Report and Recommendation at 2-3 (citing *Bailey I*, at *2).)

First Group, First Student, Johnson, and Ogren.  (Report and Recommendation at 20-22.)  Citing *Bailey I*, the Magistrate Judge explained that the claim against Defendants Local 120, Gustafson, and the Met Council should be dismissed with prejudice because Plaintiffs failed for a second time to plead sufficient facts to establish a plausible claim to relief as it relates to those actors—namely that Plaintiffs failed to show that either Local 120 or Gustafson is a transportation agency, contractor, subcontractor, or an officer or employee; and failed to demonstrate that the Met Council took any adverse employment action against Plaintiffs.  (*Id.* at 20-21.)  The Magistrate Judge further explained that the Court lacks jurisdiction over the claim as it applies to Defendants First Group, First Student, Johnson, and Ogren because Plaintiffs have not exhausted their administrative remedies as to those actors.[3]  (*Id.* at 21-22.)

With respect to Plaintiffs' remaining federal claims, the Magistrate Judge, again citing *Bailey I*, recommended that:  (1) Plaintiffs' Title VI claim be dismissed with prejudice because Plaintiffs failed for a second time to plead a viable cause of action under Title VI when they again did not identify the purpose for which the Met Council receives federal funds or show that the primary purpose of any federal funds is to provide employment or that employees like Plaintiffs would be the intended beneficiaries of the funds; (2) Plaintiffs' FCA claim be dismissed with prejudice because Plaintiffs failed for a second time to meet the particularity requirements of Rule 9(b); and (3) Plaintiffs'

---

[3] The Magistrate Judge did find that Plaintiffs pleaded sufficient facts to establish a plausible claim for relief as it relates to Defendant First Transit.  (Report and Recommendation at 20.)

3

§ 1981 race discrimination claim be dismissed with prejudice because Plaintiffs failed for a second time to allege a prima facie case or any facts that would give an inference of discrimination or retaliatory motive.  (Report and Recommendation at 23-26.)

With respect to Plaintiffs' state-law claims, the Magistrate Judge recommended that:  (1) Plaintiffs' claims under Minnesota Statues §§ 181.74 and 268.095 be dismissed with prejudice because neither statute affords a private cause of action for any alleged violation; and (2) Plaintiffs' claim pursuant to the Minnesota Whistleblower Act be dismissed with prejudice as preempted by Plaintiffs' one remaining claim under the NTSSA.  (*Id.* at 8.)  Finally, after considering the parties' arguments as they related to which claims should survive Defendants' motions to dismiss and recommendations regarding those claims, the Magistrate Judge recommended that Plaintiffs' motions to deny the motions to dismiss should be denied as moot.

Plaintiffs object to the Magistrate Judge's Report and Recommendation.  (Pl. Obj.) Specifically, Plaintiffs argue that they have adequately alleged violations of Title VI, the FCA, § 1981, the Minnesota Whistleblower Act, and the NTSSA against all relevant Defendants.  (*Id.* at 1-8.)  Plaintiffs also contend that they should be allowed to conduct discovery prior to dismissal of their claims pursuant to Minn. Stats. §§ 181.74 and 268.095.  (*Id.* at 9.)  Defendants respond to Plaintiffs' objections, arguing that Plaintiffs fail to address the Magistrate Judge's legal conclusion and simply restate or add to the allegations in their Second Amended Complaint.  (Def. Resp. 70 at 1, 4-12.)

The Court has carefully reviewed the Report and Recommendation, Plaintiffs' objections, and Defendants' response.  After that review, the Court finds no reason to

depart from the Magistrate Judge's recommendations, which are both factually and legally correct. Based upon the Court's *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiffs' Objection to the Report and Recommendation (Doc. No. [68]) is **OVERRULED**.

2. Magistrate Judge Tony N. Leung's July 30, 2021 Report and Recommendation (Doc. No. [68]) is **ADOPTED**.

3. Defendants Teamsters Local 120 and Troy D. Gustafson's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. [15]) is **GRANTED**.

4. All Claims against Defendants Local 120 and Troy D. Gustafson are **DISMISSED WITH PREJUDICE**.

5. Defendants First Transit, Inc., First Group America Inc., First Student, Inc., the Metropolitan Council, Don Johnson, and Tim Ogren's Motion to Dismiss (Doc. No. [26]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is **DENIED** insofar as Defendants seek dismissal of the NTSSA claims against Defendant First Transit, Inc., only.

    b. All other claims against all other Defendants are **DISMISSED WITH PREJUDICE**.

6. Plaintiffs' motions to deny the motions to dismiss (Doc. Nos. [33] and [38]) are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 3, 2021	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge