UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey L. Bailey and Marlon E. Carter, | Case No. 20-cv-1238 (DWF/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| First Transit Inc., Tim Ogren, Don Johnson, Troy Gustafson, Metropolitan Council, Teamsters Local 120, First Group America Inc., and First Student Inc., | |
| Defendants. | |

Jeffrey L. Bailey, 1418 130th Avenue, New Richmond, WI 54017; and Marlon E. Carter 2600 21st Avenue North, Minneapolis, MN 55411 (pro se Plaintiffs);

Brian Hentosz, Littler Mendelson, 625 Liberty Avenue, 26th Floor, Pittsburgh, PA 15222 and Holly M. Robbins and Minhquang Trang, Littler Mendelson, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402 (for Defendant First Transit Inc.).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant First Transit Inc.'s ("First Transit") Motion for Protective Order (ECF No. 80); Plaintiffs' Motion for Protective Order (ECF No. 87); Plaintiffs' "Motion to Compel First Transit to Answer Amended Complaint Two Accurately, in Good Faith and Properly" (ECF No. 94); and Plaintiffs' "Motion to Allow Audio and Visual Streaming of Pretrial and Trial Proceedings on Social Media and Media Platforms" (ECF No. 98). For the reasons set forth below, the Court will grant First Transit's motion for protective order and deny Plaintiffs' motion for protective order, motion to compel, and motion for audio and visual streaming.

1

# I. BACKGROUND

## A. Prior Litigation

In October of 2019, Plaintiffs filed a Second Amended Complaint in a related case against a similar set of defendants alleging that, while they were members of Teamsters Local 120 and employees of First Transit, they were discriminated against and retaliated against after engaging in various protected activities. *See Bailey v. Metro. Council*, No. 19-cv-1024 (DWF/TNL), 2020 WL 3633132, at *1-2 (D. Minn. Feb. 19, 2020) [hereinafter *Bailey I*], *report and recommendation adopted*, 2020 WL 1934428 (D. Minn. Apr. 22, 2020) [hereinafter *Bailey II*]. Of particular note, this was not Plaintiffs' first attempt at seeking relief for their alleged grievances. *See Bailey I*, 2020 WL 3633132, at *2 (summarizing that Plaintiffs had previously filed a grievance through their union, filed an unfair labor practice charge against First Transit and Teamsters Local 120, filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and filed charges with the Occupational Safety and Health Administration ("OSHA")).

On February 19, 2020, the Court, after considering motions to dismiss, recommended dismissing Plaintiffs' various claims. *Id.* at *8. On April 22, 2020, after considering Plaintiffs' objections and reviewing the record *de novo*, the district judge found that this Court's recommendations were "factually and legally correct," overruled Plaintiffs' objections, and adopted the recommendations made in *Bailey I*. *Bailey II*, 2020 WL 1934428, at *2. Plaintiffs' claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and Minnesota Statutes § 541.05 were dismissed with prejudice, and the remainder of their claims were dismissed without prejudice. *Id.*

### B. Present Litigation

Plaintiffs filed a new Complaint against a similar group of Defendants raising similar allegations on May 22, 2020. (ECF No. 1.) The operative Second Amended Complaint names similar Defendants as in *Bailey I*. (*See* ECF No. 10.) Plaintiffs again alleged that Defendants violated the National Transit Systems Security Act ("NTSSA"); Title VI of the Civil Rights Act ("Title VI"); the False Claims Act, 31 U.S.C. § 3729(a)(1)(B) ("FCA"); 42 U.S.C. § 1981 ("Section 1981"); and Minnesota Statutes § 181.932 ("Minnesota Whistleblower Act"). (*See id.*) Plaintiffs also alleged that Defendants violated two additional Minnesota Statutes: Minnesota Statutes §§ 181.74 and 268.095. (*See id.*)

On July 30, 2021, after considering another set of motions to dismiss, the Court recommended that a majority of the claims and Defendants be dismissed with prejudice. (ECF No. 68.) On September 3, 2021, after considering Plaintiffs' objections and reviewing the record *de novo*, the district judge overruled Plaintiffs' objections, and adopted the recommendations of this Court. (ECF No. 71.) Plaintiffs' NTSSA claim against First Transit is the only surviving claim. (*See id.*)

First Transit answered the Second Amended Complaint. (ECF No. 75.) Litigation has since been contentious, with the parties unable to agree on even the most basic provisions of discovery. (*See, e.g.*, ECF 82 at 1-2 (Plaintiffs rejected a proposed Rule 26(f) Report and proposed stipulation for a protective order "based on the Court's standard form . . . without providing any counter-proposals").)

## II. ANALYSIS

**A. Plaintiffs' Pro Se Status and Duty to Meet and Confer**

The Court first reminds Plaintiffs that their pro se status does not alleviate them of the responsibility to comply with all applicable rules, laws, orders of the Court, and the like in this case.[1] *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Plaintiffs' failure to follow court orders may result in sanctions up to and including dismissal of this case. *See, e.g.*, Fed. R. Civ. P. 37(b).

In its opposition to Plaintiffs' motion for protective order, First Transit argues that Plaintiffs failed to meet and confer prior to filing their motion. (ECF No. 92 at 3.) On October 20, 2021, Plaintiffs emailed counsel for First Transit to state they opposed First Transit's proposed protective order and that they "[w]ill be filing a protected [sic] order on any discovery not pertaining statutorily to Plaintiffs [sic] NTSSA ACT complaint." (ECF No. 87-2 at 1.) Plaintiffs did not attach a proposed order or any further information, and simply asked First Transit to alert them if it disagreed with their request for an ambiguous protective order. (*Id.*) First Transit responded that it could not agree to Plaintiffs' protective order without reviewing it. (ECF No. 93-1 at 1.) Plaintiffs did not respond and filed their motion two days later. (ECF No. 87.)

The Court agrees with First Transit's assessment. The Federal Rules of Civil

---

[1] This is not the first time the Court has reminded Plaintiffs of this responsibility. (*See* ECF No. 45 at 7 in *Bailey, et al. v. Metro. Council, et al.*, No. 19-cv-1024 (DWF/TNL).)

4

Procedure require a party to include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The meet-and-confer requirement is also outlined by the District's Local Rules. *See* D. Minn. LR 7.1(a). "Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006). The meet-and-confer requirement "is only fulfilled when parties have engaged in a genuine and good-faith discussion about each discovery request that is in dispute." *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 17-cv-5009 (JRT/KMM), 2019 WL 2024538, at *1 (D. Minn. May 8, 2019).

Plaintiffs provided little to no information regarding their motion for protective order and did not properly meet and confer with First Transit to attempt to resolve any dispute prior to filing their motion. This is contrary to the Federal Rules of Civil Procedure and the Local Rules of this Court. In any future discovery motion practice, Plaintiffs must demonstrate that they meaningfully met and conferred with First Transit. Should they fail to do so, the Court will summarily deny their motions and may impose additional remedies and sanctions as may be appropriate.

**B. First Transit's Motion for Protective Order**

First Transit moves for the Court to implement a protective order under Rule 26(c) in this case "to ensure that confidential documents produced during discovery maintain their confidential status." (ECF No. 83 at 2.) The proposed protective order provided by First Transit generally follows this District's standard form protective order with some

modifications. (*Id.*) The Court ordered Plaintiffs to provide a response that included any alternate proposed protective order. (ECF No. 86.) Plaintiffs instead filed their own motion for protective order.[2] (ECF No. 87.)

Plaintiffs nevertheless oppose the entry of First Transit's protective order, arguing that there is no sensitive information in First Transit's possession which is entitled to confidential status. (ECF No. 88 at 1-2.) Plaintiffs declare, without legal support, that "Defendant's protective order should not be granted because . . . [First Transit] receives federal and state funding which makes all information public."[3] (*Id.* at 2.)

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "However, the public's right of access is not absolute. Instead, competing interests, including the party's interest in confidentiality, must be weighed against society's interest in transparency." *Benner v. Saint Paul Pub. Schs., I.S.D. 625*, No. 17-cv-1568 (SRN/KMM), 2019 WL 259637, at *1 (D. Minn. Jan. 18, 2019) (citing *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)); *see also* D. Minn. LR 5.6 Advisory Committee's Notes (2017) ("As a general matter, the public does not have a right of access to information exchanged in discovery."). "[T]he Eighth Circuit has recognized 'a modern trend in federal cases to treat pleadings in civil litigation (*other than discovery motions and accompanying exhibits*) as presumptively public, even

---

[2] This motion is discussed *infra* at Section II.C.
[3] Plaintiffs have also made clear their wish to broadcast any pretrial and trial proceedings via social media and news outlets. (*See, e.g.*, ECF No. 84-2 at 3 (email to First Transit); ECF Nos. 98 & 99 (Motion to Allow Audio and Visual Streaming and Mem. in Supp.).) Plaintiffs' Motion to Allow Audio and Visual Streaming is discussed *infra* at Section II.E.

6

when the case is pending before judgment, or resolved by settlement.'" *Steele v. City of Burlington, Iowa*, 334 F. Supp. 3d 972, 976-77 (S.D. Iowa 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23) (emphasis added).

In addition, "[a] protective order of the type sought by [First Transit] . . . 'is entirely different than an order to seal or redact Court documents and implicates entirely different interests.'" *LeMond v. Stinchfield*, No. 17-cv-2071 (JRT/TNL), 2017 WL 11570570, at *2 (D. Minn. Dec. 13, 2017) (quoting *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F. Supp. 2d 1011, 1013) (D. Minn. 2013)). A protective order of the kind First Transit seeks "is designed to assist in the pretrial discovery process—a process that might yield information that is 'unrelated, or only tangentially related, to the underlying cause of action.'" *Aviva Sports*, 960 F. Supp. 2d at 1013 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).

Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; *see also Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Relevance is construed broadly at the discovery stage."). "Such liberal pretrial discovery 'has a significant potential for abuse' and 'may seriously implicate privacy interests of litigants and third parties.'" *Aviva Sports*, 960 F. Supp. 2d at 1013 (quoting *Seattle Times Co.*, 467 U.S. at 34-35). "Given the vastly different role served by pretrial discovery, 'restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information'
7

and do not implicate the same right of access concerns." *Id.* (quoting *Seattle Times Co.*, 467 U.S. at 33). The Court thus has broad discretion to issue these protective orders upon a showing of good cause. *See* Fed. R. Civ. P. 26(c); *see also Seattle Times Co.*, 467 U.S. at 36 ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

The Court will grant First Transit's motion for a protective order. It has shown good cause for its entry, and the terms of its proposed protective order, with some Court modifications, will "facilitate the discovery of confidential information in this matter." *Lemond*, 2017 WL 11570570, at *2 (citing Fed. R. Civ. P. 26(c)). A protective order shall issue by way of separate order.

The protective order, however, will not grant either party the unilateral authority to make final decisions as to a document's confidentiality. *Id.* (citing *Wells v. Lamplight Farms Inc.*, 298 F.R.D. 428, 435 (N.D. Iowa 2014)). The parties shall look to the protective order for guidance on which documents may be given an initial designation of "confidential" and the procedures through which a party may challenge a confidentiality designation. The parties shall also look to Local Rule 5.6, which sets forth additional procedures they are required to follow when filing documents under seal in civil cases.

### C. Plaintiffs' Motion for Protective Order

In this motion, Plaintiffs request the Court bar First Transit from seeking the following discovery, which Plaintiffs argue is "confidential": (1) Plaintiffs' medical records that were not acquired by Defendant during Plaintiffs' employment; (2) medical examinations, "psychic" evaluations, blood draws, injections, and removal of any DNA

tissue from Plaintiffs; (3) Plaintiffs' financial information, including banking, retirement plans, and health benefits, that is not related to Plaintiffs' employment with Defendant; (4) Plaintiffs' electronic devices that are not the property of Defendant; and (5) deposing any of Plaintiffs' family members. (ECF No. 87 at 2.)

The Court could summarily deny this motion on the basis that Plaintiffs did not properly meet and confer with First Transit prior to filing this motion. *See supra* Section II.A. The Court declines to do so at this time but reminds Plaintiffs that it will summarily deny motions in the future if they do not meet and confer with First Transit in good faith as required under Local Rule 7.1. *Id.*

The Court will, however, deny this motion on the merits. As the Court has already indicated, *see supra* Section II.B., pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Even when the discovery is relevant, it "is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted).

9

Under Rule 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" due to a discovery request. Fed. R. Civ. P. 26(c)(1). "Good cause" can be satisfied by a showing of irrelevancy. *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994).

Plaintiffs do not challenge specific discovery requests made by First Transit, and First Transit has indicated that in some instances it has not made certain discovery requests Plaintiffs seek to bar. (*See* ECF No. 92 at 7 (indicating First Transit has not noticed depositions of Plaintiffs' family members or requested inspection of Plaintiffs' electronic devices).) Plaintiffs instead seek to prevent First Transit from broad discovery topics and avenues for discovery without demonstrating any cause, let alone good cause, for a protective order.

While the Court is unaware of the specific discovery requests First Transit has made of Plaintiffs, Plaintiffs' motion requests the Court bar discovery of information that is unquestionably relevant to this suit. In the operative Second Amended Complaint, Plaintiffs seek monetary relief, including punitive damages. (ECF No. 10 at 46-47.) They also seek compensatory back pay and other damages related to harm to relationships, mental anguish, pain and suffering, and loss of insurance. (ECF No. 93-1 at 1-2.) Information related to Plaintiffs' mental health and finances is relevant to the issue of damages. Plaintiffs have also put the knowledge of their family members at issue by producing statements of their spouses regarding their mental and emotional damages claims in a related administrative hearing. (*See* ECF No. 93 at 1.) The Court will also decline to bar First Transit from seeking relevant and proportional discovery that may be

located on Plaintiffs' electronic devices.  *See* Fed. R. Civ. P. 26(b)(1).  In sum, because Plaintiffs have not demonstrated that any of the information they request be protected is irrelevant, and because they have not shown good cause for a protective order, the Court will deny their motion.

### D.  Plaintiffs' Motion to Compel

In this motion, Plaintiffs challenge First Transit's Answer, arguing that it has made inaccurate statements in bad faith and given incomplete answers.  (ECF No. 94 at 1-2.)  They ask the Court to order First Transit to answer the Second Amended Complaint "properly and in good faith."  (*Id.* at 2.)  They also request the Court "pause" the Pretrial Scheduling Order until First Transit answers properly, or, in the alternative, grant Plaintiffs a default judgment.  (*Id.*)

The Court will deny this motion.  Plaintiffs incorrectly rely on Rule 12 in support of their motion: Federal Rule of Civil Procedure 8(b) lays out how parties must respond to facts alleged in a complaint.  Parties are required to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B).  When denying an allegation, a party "must fairly respond to the substance of the allegation,"  and "must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(2)-(3).  Further, if a party "lacks knowledge or information sufficient to form a belief about the truth of an allegation," they must state so in their answer.  Fed. R. Civ. P. 8(b)(5).  This statement "has the effect of a denial."  *Id.*

That Plaintiffs are unsatisfied with First Transit's responses does not mean First Transit's Answer is inadequate.  "The purpose of a responsive pleading is to put everyone

11

on notice of what the defendant admits and what it intends to contest." *Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014).  Facts which the parties contest will be borne out by discovery and litigation.  When considering the pleadings by both parties, the Court finds First Transit fairly and adequately responded to the allegations in the Second Amended Complaint in compliance with Federal Rule of Civil Procedure 8(b)(2).  Plaintiffs' motion is denied in all respects.[4]

First Transit requests the Court award it $1,000 in attorneys' fees and costs "for having to defend against Plaintiffs' baseless motion practice," further stating that "[i]n the interest of facilitating a smooth litigation process, [it] has repeatedly urged Plaintiffs to read the Federal Rules of Civil Procedure, but their motions do not indicate that has happened."  (ECF No. 102 at 5.)

The Court will deny this request.  The Court again cautions Plaintiffs, however, that their pro se status does not exempt them from rules, laws, orders, and the like. *See Soliman*, 412 F.3d at 922; *Burgs*, 745 F.2d at 528.  Rule 11 requires them to sign every pleading, motion, or other paper and certify that: the paper is being presented for a proper purpose; it was warranted by existing law or nonfrivolous arguments for modifying existing law; any factual contentions have evidentiary support; and any denials of factual contentions are warranted or reasonably based on belief or lack of evidence.  Fed. R. Civ. P. 11(b).  In the future, the Court may sanction Plaintiffs if they violate this rule.  *See* Fed. R. Civ. P. 11(c).

---

[4] This includes Plaintiffs' request to "pause" the scheduling order or for default judgment.  Any request to modify the Pretrial Scheduling Order must be supported by good cause. *See* Fed. R. Civ. P. 16(b)(4).

### E. Plaintiffs' Motion to Allow Audio and Visual Streaming

Finally, Plaintiffs request permission to allow the audio and visual streaming of pretrial and trial proceedings in this matter via various social media platforms, as well as local news and radio outlets pursuant to General Rule of Practice 4 for the State of Minnesota District Courts. (ECF No. 98 at 1; *see also* ECF No. 99 at 1-6.) The Court will also deny this motion. This is federal court, not state court, and thus the General Rules of Practice for the State of Minnesota District Courts do not apply to these proceedings. *See* Minn. Gen. R. Prac. 1.01 ("These rules shall apply in all trial courts *of the state*.") (emphasis added). A pilot program exploring the *feasibility* for livestreaming *audio* of certain proceedings in federal court is in its early stages. *See Audio Streaming Pilot*, United States Courts, https://www.uscourts.gov/about-federal-courts/judicial-administration/audio-streaming-pilot (last visited Dec. 7, 2021). This case, however, does not meet the requirements for audio streaming. *See In Re: Pilot Project for Livestreaming Audio of Qualified Civil Proceedings*, Gen. Ord. (D. Minn. Aug. 27, 2021). Plaintiffs' motion is therefore denied. Any recording or streaming of any future proceedings is strictly prohibited.

The Court will also deny First Transit's request for an award of $1,000 for defending this motion. (ECF No. 103 at 3.) It cautions Plaintiffs again, however, that frivolous motion practice may well subject them to fees pursuant to Rule 11 of the Federal Rules of Civil Procedure in the future. *See supra* Section II.D.

### III.  ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant First Transit Inc.'s Motion for Protective Order (ECF No. 80) is **GRANTED**.  A protective order shall issue.

2. Plaintiffs' Motion for Protective Order (ECF No. 87) is **DENIED**.

3. Plaintiffs' "Motion to Compel First Transit to Answer Amended Complaint Two Accurately, in Good Faith and Properly" (ECF No. 94) is **DENIED**.

4. Plaintiffs' "Motion to Allow Audio and Visual Streaming of Pretrial and Trial Proceedings on Social Media and Media Platforms" (ECF No. 98) is **DENIED**.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date:  December   7  , 2021                         *s/Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Bailey, et al. v. First Transit Inc., et al.*
                                                    No. 20-cv-1238 (DWF/TNL)