UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey L. Bailey and<br>Marlon E. Carter,<br><br>      Plaintiffs,<br><br>v.<br><br>First Transit Inc., Tim Ogren, First Group America Inc., First Student Inc., Don Johnson, Troy Gustafson, Metropolitan Council, Teamsters Local 120,<br><br>      Defendants. | Case No. 20-cv-1238 (DWF/TNL)<br><br><br>**PROTECTIVE ORDER** |

Based on the Court's order granting Defendant First Transit Inc.'s Motion for Protective Order (ECF No. 106) and pursuant to Fed. R. Civ. P. 26(c), **IT IS HEREBY ORDERED** that confidential information be disclosed only in designated ways:

1. This Protective Order governs the use and handling of documents and information, including without limitation testimony, interrogatory responses, and all other information, including all copies, excerpts and summaries thereof (collectively, the "Information"), produced, given, or submitted by Jeffrey L. Bailey and Marlon E. Carter, ("Plaintiffs"), and First Transit Inc., ("Defendant") or under oath by any other individual or entity, including non-parties in this Litigation (any such producing party hereinafter referred to as the "Producing Party") in pre-trial proceedings in this Litigation.

2. All "Confidential Information" (as defined herein) produced in this Litigation shall

      be used only for the purpose of this Litigation.

3.   "Confidential Information," means any information of any type, kind or character which is designated "Confidential", whether it be a document, information contained in a document, electronic media, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential", a party will make such designations only as to that information that it, in good faith, believes contains Confidential Information. Information designated "Confidential" shall include, but not be limited to:

    a.   personnel information relating to current or former employees of any Defendant that is of a personal and confidential nature including physical and electronic mail addresses, telephone numbers, social security numbers, health benefits and insurance elections and dependents, non-opt-in plaintiffs' and/or non-parties' compensation amounts, and corrective and disciplinary counseling issued to nonparties;

    b.   financial information relating to any Defendant's business that is not publicly available or known and that would be of benefit to a competitor of any Defendant;

    c.   technological, operational and/or proprietary information relating to any Defendant's business that is not publicly available or known and that would be of benefit to a competitor of any Defendant; and

    d.   sales, marketing, pricing and/or staffing information relating to any

    Defendant's business and/or customers that is not publicly available or known and that would be of benefit to a competitor of any Defendant.

4.  Confidential Information may be provided only to counsel of record for the parties and, absent written consent from the Producing Party or unless otherwise directed by the Court, may be disclosed by such counsel only to named parties and the following persons:

 a. attorneys appearing in and/or working on this Litigation, including regular and temporary employees, contractors and agents;

 b. outside experts or consultants retained to assist in the preparation of this case by any attorney described in subparagraph (a) above, as well as employees of such expert or consultants;

 c. outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

 d. employees and agents of the parties for purposes related to this Litigation;

 e. the Court, witnesses (including deponents), court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any; and

 f. other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

5.  Each person given access to Confidential Information, pursuant to the terms hereof,

shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than pursuant to the terms hereof.  Before any person described in paragraph **4(b)** above is given access to Confidential Information, that person must read and agree in writing, by signing an acknowledgement in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order.

6. Inadvertent disclosure of Confidential Information to an opposing party without identifying the same shall not be deemed a waiver of confidentiality with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material inadvertently disclosed without the applicable designation shall be identified by the Producing Party with a demand that it be marked with the appropriate designation as required by this Protective Order.

7. If a Producing Party inadvertently produces information which the Producing Party believes is subject to a claim of attorney-client privilege, work product immunity or any other privilege or immunity, such production shall in no way prejudice or constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production of such information to which the Producing Party would otherwise be entitled.  Any such inadvertently produced information shall be returned promptly to the Producing Party upon request and all copies destroyed upon request.

8. **This Protective Order does not authorize the filing of any document under seal.**

**The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary. A confidential document may be filed only in accordance with Local Rule 5.6. Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit B attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow. A party intending to present another party's or a non-party's Confidential Information at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the Court.**

9. The designation of Confidential Information for the purposes of this Protective Order shall be made in the following manner:

    a. In the case of documents, interrogatory answers or other materials (apart from depositions or other pretrial testimony): by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Information. If not practical to mark each page of a document, as in the case of a bound publication or documents provided in digital form, the cover of such bound document or the applicable storage media shall be so marked. If not practical

        to so mark the material itself, a container for or a tag attached to the material shall be so marked.

    b.    In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receipt of the transcript of the deposition to all counsel of record for the parties to the action. All transcripts shall be considered Confidential Information and subject to this Protective Order until expiration of such ten (10) day period.

10.    Any party may object to the designation of any documents, information, or testimony as Confidential Information by giving written notice to the Producing Party that it objects to the designation. If the parties are unable to reach agreement after such written notice and the Non-Producing Party wishes to continue to assert its claim, the Non-Producing Party is obligated to file a motion within fifteen (15) days after the date of the written notice to the Producing Party requesting the Court to confirm or deny the Confidential status of the material. Until the Court rules on the motion, the documents shall be treated as Confidential Information, as originally designated.

11.    Within sixty (60) days after the termination of this action, including all appeals, all Confidential Information supplied by any Producing Party, and all copies thereof, shall be returned by the Receiving Party to the Producing Party or, at the Producing Party's option, shall be destroyed by the Receiving Party. The Receiving Party shall certify to the Producing Party that all Confidential Information has been returned or

destroyed.

12. In the event that a party produces documents subject to another confidentiality agreement or protective order, the parties agree to keep such documents confidential in accordance with the terms of any such agreement or order, as long as the producing party furnishes a copy of such agreement or order to all parties in advance of, or contemporaneously with, its production of any documents covered by such agreement or order.

13. Nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions regarding confidentiality as it may deem appropriate.

14. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

15. Nothing in this Protective Order shall prevent any party from using or disclosing its/his own documents or information, regardless of whether they are designated Confidential Information.

16. Any written notifications made by a Producing Party to a party pursuant to this Protective Order shall be directed to counsel of record for the Receiving Party.

17. **The obligations imposed by this Protective Order survive the termination of this action.**

18. **All prior consistent orders remain in full force and effect.**

19. **Failure to comply with any provision of this Protective Order or any other prior consistent order shall subject the non-complying party, non-complying**

7

**counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date:  December  7 , 2021                    *s/Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota

                                             *Bailey, et al. v. First Transit Inc., et al.*
                                             No. 20-cv-1238 (DWF/TNL)

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 20-CV-1238 DWF/TNL, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on                                                                     _____
_____                                                                                   Signature
                Date

# EXHIBIT B
## SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |