UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey L. Bailey and Marlon E. Carter,   Civil No. 20-1238 (DWF/TNL)

    Plaintiffs,

v.

                                                                                 **MEMORANDUM**
                                                           **OPINION AND ORDER**

First Transit Inc.,

    Defendant.

## INTRODUCTION

This matter is before the Court on Defendant First Transit's motion to dismiss Plaintiffs Jeffrey Bailey and Marlon Carter's complaint. (Doc. No. 124.) For the reasons set forth below, the Court grants First Transit's motion to dismiss.[1]

## BACKGROUND

### A. Past Litigation

This action is one in a series of actions that Plaintiffs have pursued over the past six years, seeking relief for their alleged grievances. Plaintiffs previously filed (1) a grievance through their union; (2) an unfair labor practice charge against First Transit and Local 120; (3) charges of discrimination with the Equal Employment Opportunity Commission; and (4) charges with the Occupational Safety and Health Administration.

---

[1] First Transit alternatively requests that this Court compel Plaintiffs' depositions. In addition, First Transit moved earlier to compel discovery. (Doc. No. 108.) Because the Court dismisses the action with prejudice, both motions to compel are moot.

*Bailey v. Metro. Council*, No. 19-cv-1024 (DWF/TNL), 2020 WL 3633132, at *2 (D. Minn. Feb. 19, 2020), *report and recommendation adopted*, No. 19-cv-1024 (DWF/TNL), 2020 WL 1934428 (D. Minn. Apr. 22, 2020).  Plaintiffs then filed an action in this Court alleging various state and federal law violations, which was dismissed in 2020.  *Id.* at *8.

      **B.**     **Surviving Claim**

In the present action, Plaintiffs have raised similar claims, alleging violations of the National Transit Systems Security Act ("NTSSA"), Title VI of the Civil Rights Act, the False Claims Act, 42 U.S.C. § 1981, and Minnesota Statutes §§ 181.932, 181.74, and 268.095.  (Doc. No. 10.)  The Court has dismissed all claims except the NTSSA claim against First Transit.  (Doc. No. 71.)

      **C.**     **Depositions**

On October 14, 2021, Plaintiffs received notice of their depositions to take place on December 14 and December 16, 2021.  (Doc. No. 127 ("Robbins Decl.") ¶ 2, Ex. A.)  In response, Plaintiffs requested "other options / alternatives for depositions."  (*Id.* ¶ 3, Ex. B.)  First Transit responded to Plaintiffs' request, offering to hold the depositions at the office of the court reporter, instead of the defense counsel's office.  (*Id.* ¶ 4, Ex. C.)  Plaintiffs then requested a deposition "conducted on paper."  (*Id.* ¶ 5, Ex. D.)  Because Plaintiffs did not confirm whether they would attend the depositions, First Transit decided to postpone them.

In January 2022, First Transit sent another notice to Plaintiffs for depositions to be held on February 23 and February 24, 2022.  (*Id.* ¶ 7, Ex. E.)  Plaintiffs again requested

2

"paper depositions," and First Transit directed Plaintiffs to the Federal Rules, noting that First Transit was requesting oral depositions as permitted by the Rules. (*Id.* ¶ 8, Ex. F.) First Transit later sent two emails, asking Plaintiffs if they planned to attend the February depositions. Plaintiffs did not respond. (*Id.*) On February 23 and 24, First Transit appeared at the court reporter's office for the depositions, but Plaintiffs failed to attend on both days. (*Id.* ¶¶ 10, 13, Exs. G, I.)

First Transit now moves to dismiss this case due to Plaintiffs' failure to attend their depositions.

## DISCUSSION

### I.   Legal Standard

When a party has been served with proper notice and fails to appear for a deposition, the Court may order sanctions, including dismissing the action in whole or in part. *See* Fed. R. Civ. P. 37(d)(3). "[N]o motion to compel is required before dismissal under Rule 37(d)." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Although the sanction of dismissal with prejudice is an "extreme sanction," dismissal may be appropriate when a party's conduct is deliberate and recurrent. *Harris v. Unknown Mack*, 221 F.3d 1342 (8th Cir. 2000) (unpublished) (affirming the dismissal of an action where the plaintiff received notice of two depositions but failed to attend both).

### II.  Dismissal of Complaint

Discovery in this case has been contentious. As the Court noted in an earlier order, the parties have been "unable to agree on even the most basic provisions of discovery." (Doc. No. 106 at 3.) Plaintiffs, in particular, have been reluctant to

3

participate in the discovery process. And although Plaintiffs are proceeding *pro se*, the Court has warned Plaintiffs before that "their *pro se* status does not alleviate them of the responsibility to comply with all applicable rules, laws, [and] orders of the Court." (*Id.* at 4.)

As part of the discovery process, each party "may, *by oral questions*, depose any person, including a party." Fed. R. Civ. P. 30(a)(1) (emphasis added). Pursuant to Rule 30, Plaintiffs were served with proper notice for in-person depositions in October 2021 and again in January 2022. In both instances, Plaintiffs did not confirm whether they would attend the depositions, despite repeated requests for confirmation by First Transit. (*See* Robbins Decl. ¶¶ 4, 8, 11, Exs. C, F, H.) Instead, Plaintiffs insisted on "paper depositions," which First Transit explained was not an option under Rule 30. (*Id.* ¶ 8, Ex. F.)

Plaintiffs' objection does not excuse their failure to attend these depositions. A failure to attend a deposition when proper notice is given is "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Plaintiffs did not file a protective order in response to these depositions. Thus, Plaintiffs' absences are not excused.

Plaintiffs argue that First Transit should have filed a motion to compel instead of a motion to dismiss. (*See* Doc. No. 130 at 1.) But a motion to compel is not required before dismissal under Rule 37(d). *Aziz*, 34 F.3d at 589. The remainder of Plaintiffs'

4

procedural arguments also fail.[2] First Transit correctly filed the motion with this Court, and the Federal Rules, not the Minnesota Rules of Civil Procedure, are applicable in federal court.

The Court finds that dismissal is warranted in this case because Plaintiffs have been given multiple warnings to comply with the discovery process and multiple chances to attend their own depositions. *See Setzke v. Whitmill*, 241 F. App'x 351, 352-53 (8th Cir. 2007) (affirming the district court's decision to dismiss a case after the plaintiff received notice of two depositions and failed to attend both); *Stevenson v. Bartlo*, 8 F. App'x 580, 581 (8th Cir. 2001) (affirming the district court's dismissal of a case where the defendants reminded the plaintiff three times of the deposition and the plaintiff failed to appear). Plaintiffs' failure to attend their own depositions has delayed litigation in this case. Moreover, Plaintiffs have provided no explanation for their failure to attend the depositions or comply with the Rules. Therefore, the Court grants First Transit's motion to dismiss.

### III. Attorney's Fees

When a party fails to attend its own deposition, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified." Fed. R. Civ. P. 37(d)(3). The Court finds that Plaintiffs were not substantially justified when they missed their

---

[2] Plaintiffs also take issue with First Transit's characterization of the 2016 proceedings before the United States Department of Labor. These prior proceedings, however, have no bearing on the Court's decision today.

depositions in February 2022, as they received proper notice and have provided no explanation for their absence. (*See* Doc. No. 130.) Thus, the Court awards First Transit reasonable expenses for the two missed depositions in February 2022 and attorney's fees incurred in bringing this motion. First Transit is directed to file a detailed accounting of these costs and fees within fourteen days of this Order.

## CONCLUSION

Because Plaintiffs were given notice of their depositions and multiple email reminders from First Transit but still failed to attend their own depositions, the Court grants First Transit's motion to dismiss the case with prejudice under Rule 37(d). Moreover, Plaintiffs received proper notice and have failed to explain their absences, and therefore Plaintiffs were not substantially justified when they failed to attend those depositions. The Court awards First Transit reasonable expenses for the two depositions and the filing of this present motion.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant First Transit's Motion to Dismiss (Doc. No. [124]) is **GRANTED**.

2. Plaintiffs Jeffrey L. Bailey and Marlon E. Carter's NTSSA claim against Defendant First Transit is **DISMISSED WITH PREJUDICE**.

3. Defendant First Transit shall file a detailed accounting of the costs and fees associated with the two missed depositions in February 2022 and the filing of this motion within fourteen days of this Order.

4. Plaintiffs Jeffrey L. Bailey and Marlon E. Carter shall pay First Transit reasonable expenses associated with the two missed depositions in February 2022 and the filing of this motion.

5. First Transit's alternative motion to compel (Doc. No. [124]) and its separate motion to compel (Doc. No. [108]), as well as any pending motions (Doc. Nos. [115, 134, 139 and 144], are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 11, 2022              s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge